Robert Paul JOHNSON, as parent and
natural guardian of Courtney Johnson
and Alisha Johnson, their minor chil-
dren, Sylvia Selena Johnson, his wife,
individually, and as parent and natu-
ral guardian of Courtney Johnson and
Alisha Johnson, their minor children,
Plaintiffs–Appellants,

v.

KEOHRING CRANES, INC.,
a Delaware Corporation,
Defendant–Appellee.

No. 05–10100.
D.C. Docket No. 00–00959–
CV–J–20–MCR.

United States Court of Appeals,
Eleventh Circuit.

July 25, 2005.

Robert J. Link, Pajcic & Pajcic, P.A.,
Jacksonville, FL, for Plaintiffs–Appellants.

W. Kent Brown, Heinrich Gordon Har-
grove Weihe & James, P.A., Fort Lauder-
dale, FL, for Defendant–Appellee.

Before CARNES, MARCUS and COX,
Circuit Judges.

Non–Argument Calendar

PER CURIAM.

Plaintiffs, Robert Paul Johnson, et al.,
appeal the judgment of the district court,
contending that the district court erred in
granting Defendant Koehring Cranes,
Inc.'s motion for summary judgment.
More specifically, Plaintiffs contend that
the Defendant is liable for the injuries
Johnson sustained in a construction acci-
dent because Koehring's crane was de-
signed for use with a non-load-bearing
safety latch.

We agree with the district court that
Plaintiffs have not presented any genuine
issue of material fact as to whether Defen-
dant's crane had any defect that rendered
it unreasonably dangerous. Having re-
viewed the record, we agree that no rea-
sonable jury could find any design defect
based on the fact that the spring latch was
not load-bearing. Plaintiff's strict liability
claim against Defendant was therefore
properly dismissed. *See Norton v. Snap-
per Power Equip.*, 806 F.2d 1545, 1548
(11th Cir.1987). Because failure to prove
any design defect is also fatal to a products
liability negligence claim, we further agree
with the district court that Plaintiffs' negli-
gence claim also should be dismissed. *See
Indem. Ins. Co. of N. Am. v. Am. Avia-*

*tion, Inc.,* 344 F.3d 1136, 1146 (11th Cir. 2003); *Marzullo v. Crossman Corp.,* 289 F.Supp.2d 1337, 1342 (M.D.Fla.2003). The judgment of the district court is, therefore,

AFFIRMED.